UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____________

TM BRANDS, LLC, a Florida limited liability company,

Plaintiff,

v.

CASA DIMITRI CORP. d/b/a DIMITRI & CO., a Florida corporation; DIMITRI & COMPANY EYE WEAR, INC., A Florida Corporation; DIMITRI LAMPRU, individually,

Defendants. /

## COMPLAINT

TM Brands, LLC ("TM Brands" or "Plaintiff") hereby sues Casa Dimitri Corp. d/b/a/ Dimitri & Co. ("Casa Dimitri"); Dimitri & Company Eye Wear, Inc. ("Dimitri Eyewear"); and Dimitri Lampru ("Lampru")(collectively "Defendants"), and in support alleges as follows:

## NATURE AND BASIS OF ACTION

1. This is an action for: (i) trademark infringement in violation of Section 32(1) of the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1114 (1) (the "Lanham Act"); (ii) trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition, false designation of origin and false description in violation of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iv) cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § l 125(d); (v) statutory injury to business and dilution in violation of Florida Statutes § 495.011 et seq.; (vi) common law unfair competition; (vii) common law unjust enrichment; (viii) misappropriation and conversion; and (ix) violation of Florida Statutes §

501.201 et seq., commonly known as the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). TM Brands seeks equitable relief, injunctive relief and monetary damages.

**PARTIES**

2. Plaintiff TM Brands is a Florida limited liability company, having its principal place of business in Hollywood, Florida.

3. Defendant Casa Dimitri is a Florida corporation, having its principal place of business in North Miami Beach, Florida.

4. Defendant Dimitri Eyewear is a Florida corporation, having its principal place of business in Miami, Florida.

5. Defendant Dimitri Lampru is the president of Defendants Casa Dimitri and Dimitri Eyewear and has been serving in that capacity since 2010. Lampru is an individual who, upon information and belief, resides in and does business in Miami-Dade County. Upon information and belief, Lampru personally runs, operates, and exercises control over Defendants Casa Dimitri and Dimitri Eyewear and directed and participated in and continues to direct, participate in and financially benefit from Casa Dimitri and Dimitri Eyewear's wrongful acts complained of herein, making him individually liable for Casa Dimitri and Dimitri Eyewear's below referenced wrongful acts.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337 and 1338, because this action arises under the Lanham Act, codified at 15 U.S.C. § 1051 et seq., as hereinafter more fully demonstrated. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338 and 1367, because those claims are joined with substantial and related claims under the Lanham Act.

7. Venue is proper in this district under 28 U.S.C. § 1391 because the Defendants, upon information and belief, reside in this judicial district and because a substantial part of the events and/or omissions giving rise to the claims in this case occurred in this judicial district.

8. Defendants are subject to personal jurisdiction in this State because, among other things: (i) Defendants are engaged in substantial and not isolated activity within Florida; (ii) Defendants are operating, conducting, engaging in, and carrying on a business in Florida; (iii) Defendants have committed, or aided, abetted, contributed to or participated in the commission of improper acts of unauthorized use of proprietary trademarks for which TM Brands is the owner; and (iv) Defendants have systemic and continuous contacts with Florida.

## GENERAL ALLEGATIONS

### *A. TM Brands Ownership of TechnoMarine Mark*

9. Invicta Watch Company of America, Inc. ("Invicta") is the managing member of TM Brands. Invicta is an established watch company which is an industry leader in the manufacture, marketing, sale and distribution of fine timepieces.

10. In December 2014, TechnoMarine, S.A. (another watch maker),[1] experiencing severe financial difficulties, instituted reorganization proceedings (equivalent of Chapter 11) in Switzerland. At the time TechnoMarine, S.A. entered bankruptcy, Casa Dimitri, pursuant to a license agreement with TechnoMarine, S.A., was a licensee of TechnoMarine eyewear products. Casa Dimitri was also a distributor of TechnoMarine watches pursuant to a distribution agreement with TechnoMarine Asia Limited ("TechnoMarine, Ltd.").

11. The Swiss bankruptcy court appointed an administrator (equivalent of a bankruptcy trustee). The administrator decided it was in the best interest of the estate to sell certain

---

[1] TechnoMarine, S.A. and its subsidiaries are referred to herein as "TechnoMarine."

TechnoMarine assets. In association with the bankruptcy and with the bankruptcy court's approval, TM Brands purchased, pursuant to an Asset Purchase Agreement ("APA") dated March 31, 2015, all of TechnoMarine's trademarks. This included the word mark "TechnoMarine" and several other TechnoMarine trademarks, Federal Registration Nos. 4398263, 4000628, 4000629 4394401 (hereafter "TechnoMarine trademark," "TechnoMarine mark" or "mark"). The APA provides that "[TechnoMarine] hereby transfer[s] and assign[s] to [TM Brands] the entire right, interest and title in and to the Trademarks . . . together with the goodwill associated with them, as well as all proceeds therefrom, and all rights to sue for infringement of any of the Trademarks." *See* APA, Sec. 5.4, attached as Exhibit "A."[2] These registrations are valid, subsisting and in full force and effect. *See* Registration Nos. 4398263, 4000628, 4000629 and 4394401, attached as Exhibit "B."

### B. *Defendants Intentional, Improper and Unauthorized Use of the TechnoMarine Mark*

12. Pursuant to the express terms of the APA, TM Brands acquired the TechnoMarine trademarks without assuming any of the distribution agreements or license agreements associated with the TechnoMarine trademarks, including the license agreement and distribution agreement with Casa Dimtri. *See* APA, Sec. 2.3; see also Sec. 2.4 ("The Sellers and the Buyers agree that [no] . . . agreements nor any employment relationships shall be transferred to the Buyers"). The fact that new owner of the trademarks explicitly did not assume the Casa Dimitri license and distribution agreements resulted in a constructive termination of the license and distribution agreements.

---

[2] The APA contains a confidentiality provision. As such, Plaintiff is only attaching the cover page, signature page and the sections of the APA cited in this Complaint. Defendants are already in possession of the entire, unredacted APA. Plaintiff will, if required, file the APA in this matter under seal.

13. The license and distribution agreements were also explicitly terminated. TechnoMarine, S.A. and TechnoMarine Ltd. each sent at least two termination notices to Casa Dimitri: one dated May 15, 2015 (from both TechnoMarine, S.A. and TechnoMarine Ltd.); one dated June 25, 2015 from TechnoMarine, S.A. and one dated June 25, 2015 from TechnoMarine, Ltd. *See* Termination Notices, attached as Composite Exhibit "C." In these multiple termination notices, TechnoMarine, in clear, unambiguous language, advised Casa Dimitri that (1) the license and distribution agreements had been terminated; (2) Casa Dimitri must immediately cease to use the TechnoMarine mark; and (3) legal action would be pursued should Casa Dimitri (or any Dimitri entities) continue to make use of the TechnoMarine mark.

14. In addition to the termination notices, Invicta (the managing member of TM Brands), on March 6, 2015, sent an email to Case Dimitri explicitly warning Lampru that:

> as the new owners of the TechnoMarine trademarks you are not authoriz[ed] to manufacture any products bearing the TechnoMarine trademark as you might have been accustom to in the past. Any production or importation will be considered Trademark infringement and is unauthorized.

March 6, 2015 Email, attached as Exhibit "D" (168847). In light of the APA and terminations (constructive and explicit), Casa Dimitri no longer has any rights in the TechnoMarine trademarks. Moreover, given the multiple warnings against continued use of the TechnoMarine mark, there can be no doubt that Defendants were well aware that any further use of the TechnoMarine mark was unlawful.

15. Notwithstanding the fact that Defendants were on actual notice of TM Brands' exclusive rights in the TechnoMarine mark, Defendants have, upon information and belief, nevertheless continued to market, distribute and sell eyewear, watches and other products under the TechnoMarine name without approval from TM Brands.

16. This unauthorized and infringing use includes selling TechnoMarine watches on the website www.technomarinele.com and through shops in Mexico, Costa Rica, Panama, Venezuela and Columbia. Defendants, again, were specifically cautioned to cease such sales, but, upon information and belief have disregarded this warning, and continued marketing and selling TechnoMarine watches. Defendants were further cautioned to either deregister www.technomarinele.com or assign the domain name to Invicta—neither of which has occurred. *See* Termination Notices.

17. In addition to the infringing sale of watch products, Defendants, upon information and belief, continue to sell other products bearing the TechnoMarine trademarks. Such unauthorized sales include the sale of TechnoMarine eyewear on the website www.technomarine-eyewear.com and through shops in the United States, South America, Central America and the Caribbean. As with the watches, Defendants were specifically advised that the website www.technomarine-eyewear.com was improper and admonished not to continue the sale of eyewear, but appear to have scorned this admonition and continue to sell TechnoMarine eyewear and other products bearing the TechnoMarine mark.

18. Defendants' improper use of the TechnoMarine trademark is causing confusion as to the source or origin of Defendants' products with consumers mistakenly assuming that Defendants and their products are associated with or sponsored or approved by Plaintiff. Defendants' use of the TechnoMarine mark is likely to continue to cause confusion, as consumers will assume that Defendants' products are authorized by, endorsed by, associated with, or are otherwise connected with Plaintiff—the owner of the mark.

19. Defendants' use of the TechnoMarine trademark is intentionally malicious, willful, wanton and in bad faith. The use by Defendants of the TechnoMarine trademark unfairly and

unlawfully wrests from Plaintiff control over the trademark and reputation and is unjustly enriching Defendants.

20. Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff's business and goodwill unless restrained by this Court.

21. Plaintiff has retained the law firm of Heller Waldman, P.L. and is obligated to pay it a reasonable fee for its services.

22. All conditions precedent for filing and maintaining this action have been performed, waived or excused.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))**
**(Against Defendants)**

23. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 22 as though fully set forth herein.

24. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1).

25. Plaintiff is the owner of and otherwise has enforceable trademark rights in the TechnoMarine mark.

26. Defendants' unauthorized use of the TechnoMarine mark is likely to cause confusion, cause mistake or deceive customers as to the source, sponsorship or approval of Defendants' products, and, specifically, to cause consumers to believe that Defendants' products are sponsored by, affiliated with, approved by or otherwise connected with Plaintiff when such is not the case.

27. Defendants were and are on actual notice of Plaintiff's ownership and rights in the TechnoMarine mark. Defendants' use of the TechnoMarine mark was therefore undertaken with

full knowledge that Defendants have no authority to use the TechnoMarine mark. Defendants' use of the TechnoMarine mark is therefore in willful violation of Plaintiff's exclusive rights in the TechnoMarine mark and in bad faith.

28. Defendants' acts constitute infringement of Plaintiff's TechnoMarine trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29. Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

**COUNT II**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))**
**(Against Defendants)**

30. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 22 as though fully set forth herein.

31. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a).

32. Plaintiff has enforceable trademark rights in the TechnoMarine mark.

33. Defendants' unauthorized use of the TechnoMarine mark is likely to cause confusion, cause mistake or deceive customers as to the source, sponsorship or approval of Defendants' products, and, specifically, to cause consumers to believe that Defendants' products are sponsored by, affiliated with, approved by or otherwise connected with Plaintiff when such is not the case.

34. Defendants were and are on actual notice of Plaintiff's rights in the TechnoMarine mark. Defendants' use of the TechnoMarine mark was therefore undertaken with full knowledge

that Defendants have no authority to use the TechnoMarine mark. Defendants' use of the TechnoMarine mark is therefore in willful violation of Plaintiff's exclusive rights in the TechnoMarine mark and in bad faith.

35. Defendants' acts constitute infringement of Plaintiff's TechnoMarine trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

**COUNT III**
**UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. § 1125(a))**
**(Against Defendants)**

37. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 22 as though fully set forth herein.

38. This is an action for unfair competition, false designation of origin and false description under the Lanham Act, 15 U.S.C. § 1125(a).

39. Plaintiff has enforceable trademark rights in the TechnoMarine mark.

40. Defendants' use of the TechnoMarine trademark constitutes a false designation of origin and a false description as to the origin of Defendants' products. Defendants' use of the TechnoMarine mark in association with its products is likely to cause confusion, mistake, or deception as to the source of Defendants' products and is likely to create the false impression that the products are authorized, sponsored, endorsed or affiliated with Plaintiff.

41. Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

**COUNT IV**
**CYBERSQUATTING (15 U.S.C. § 1125(d))**
**(Against Defendants)**

43. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 22 as though fully set forth herein.

44. This is an action for cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d).

45. Plaintiff has enforceable trademark rights in the TechnoMarine mark, which mark is distinctive or famous.

46. The domain names www.technomarinele.com and www.technomarine-eyewear.com (collectively "domain names") are identical or confusingly similar to the TechnoMarine mark.

47. With full knowledge of Plaintiff's rights in the TechnoMarine mark and without Plaintiff's authorization, Defendants have used, registered or trafficked in the domain names with a bad faith intent to profit from the TechnoMarine mark and to reap the benefit of the goodwill associated with the TechnoMarine mark.

48. The aforesaid acts and conduct constitute cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

49. Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to damage Plaintiff unless the Court enjoins the use of the domain names

and transfers registration of the domain names to Plaintiff. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

**COUNT V**
**STATUTORY INJURY TO BUSINESS REPUTATION AND DILUTION (Florida Statutes § 495.151)**
**(Against Defendants)**

50. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 22 as though fully set forth herein.

51. This is an action for statutory injury to business reputation and dilution pursuant to Florida Statutes, § 495.151.

52. Defendants infringing use of the TechnoMarine mark constitutes an unauthorized use of the TechnoMarine trademark, falsely designates the origin of Defendants' products, has caused confusion, mistake and deception and is likely to cause further confusion, mistake or deception, and is therefore causing a likelihood of injury to Plaintiff's business reputation or dilution of the distinctive quality of the TechnoMarine trademark.

53. Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

**COUNT VI**
**COMMON LAW UNFAIR COMPETITION**
**(Against Defendants)**

54. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 22 as though fully set forth herein.

55. This is an action for common law unfair competition.

56. Plaintiff has enforceable trademark rights in the TechnoMarine mark.

57. Defendants' use of the TechnoMarine trademark in connection with their products is likely to confuse the public as to the origin, source or sponsorship of Defendants' products or to cause mistake or to deceive the public into believing that Defendants' products are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff, in violation of Plaintiff's rights in the TechnoMarine mark under the common law of the State of Florida.

58. Defendants' use of the TechnoMarine trademark constitutes unfair competition with Plaintiff in violation of the common law of Florida.

59. Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

**COUNT VII**
**COMMON LAW UNJUST ENRICHMENT**
**(Against Defendants)**

60. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 22 as though fully set forth herein.

61. This is an action for common law unjust enrichment.

62. Defendants' use of the TechnoMarine trademark in connection with the advertising, promotion and sale of its products, from which Defendants have derived substantial profits, have unjustly enriched Defendants by enabling them to appropriate unfairly the benefit of TechnoMarine's (whose rights were assigned to TM Brands in exchange for substantial consideration) extensive use and promotion of the TechnoMarine mark and the goodwill associated therewith.

63. Defendants' use of the TechnoMarine mark are benefits conferred (albeit

involuntarily) upon Defendants and Defendants have knowledge of such benefits.

64. Defendants have knowingly accepted and retained the benefits of their use of the TechnoMarine mark

65. Following its purchase of the TechnoMarine mark, Defendants have provided nothing of value to Plaintiff in connection with or return for their use of the TechnoMarine mark.

66. The circumstance are such that it would be inequitable and unjust for Defendants to retain the benefits they have accepted and retained without paying the value thereof to Plaintiff.

67. By reason of the foregoing, Defendants have unjustly enriched themselves in an unknown amount, and Plaintiff is entitled to just compensation under the common law of the State of Florida.

68. Defendants' are continuing to earn revenues and profits to which they are not legally entitled, causing irreparable injury to Plaintiff by the aforesaid acts of Defendants for which Defendants has no adequate remedy at law. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

**COUNT VIII**
**MISAPPROPRIATION AND CONVERSION**
**(Against Defendants)**

69. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 22 as though fully set forth herein.

70. This is an action for misappropriation and conversion.

71. Defendants, through the infringing and unauthorized use of the TechnoMarine mark have misappropriated and converted Plaintiff's rights (and goodwill) associated with its use of the TechnoMarine mark.

72. Defendants have converted to their own use and exploited Plaintiff's mark thereby

reaping for Defendants' the benefits of Plaintiff's use, promotion of and the goodwill symbolized thereby of the TechnoMarine mark.

73. Defendant's improper actions described herein are acts of dominion over Plaintiff's property which are inconsistent with Plaintiff's ownership therein.

74. Defendants' conduct has damaged Plaintiff. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

**COUNT IX**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (Florida Statutes §501.204)**
**(Against Defendants)**

75. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 22 as though fully set forth herein.

76. This is an action for violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes, § 501.201, et seq.

77. Plaintiff has enforceable trademark rights in the TechnoMarine mark.

78. Defendants' improper and deceptive use of the TechnoMarine mark constitutes deceptive and unfair trade practices under Florida Statutes § 501.201 et seq., in that the Defendants have represented that their products have the sponsorship and/or approval that they do not have. This is likely to create the false impression that the products are authorized, sponsored, endorsed, or affiliated with Plaintiff.

79. The public is likely to be damaged as a result of Defendants' deceptive and unfair trade practices.

80. Such unfair trade practices are immoral, unethical, oppressive, unscrupulous and offend established public policy.

81. Plaintiff has suffered actual damages as a direct and proximate result of

Defendants' wrongful, deceptive and unfair trade practices.

82. Defendants' wrongful, deceptive and unfair trade practices are causing Plaintiff to suffer irreparable harm, and irreparable harm will continue unless enjoined.

83. Unless preliminarily and permanently enjoined by this Court, Defendants will continue said deceptive and unfair trade practices, thereby deceiving the public and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, by virtue of the unlawful misconduct of Defendants alleged in Counts I through IX above, Plaintiff prays that the Court enter a judgment as follows:

A. Defendants, their divisions, related companies, officers, agents, servants, employees, attorneys and all persons acting in concert or participation with them who receive actual notice of the judgment, be preliminarily and permanently enjoined from:

(1) using the TechnoMarine mark, in any form or in any manner, in connection with Defendants' products or any mark which is confusingly similar to the TechnoMarine mark, in any form or in any manner;

(2) committing any acts calculated to cause the public to believe that Defendants and/or any of Defendants' products are associated with, affiliated with or sponsored by Plaintiff or are authorized by Plaintiff, in whole or in part;

(3) otherwise competing unfairly with Plaintiff in any manner, including without limitation, using a false designation of origin, false description or false representation which misrepresents the nature, characteristics or

qualities, source or origin of Defendants' products; and

(4) attempting, causing, or assisting others with any of the above-described acts;

B. Pursuant to 15 U.S.C. § 1118, order Defendants and all related companies, divisions, officers, directors, agents, servants, employees, and those persons in active concert or participation with them, to deliver to Plaintiff for destruction all goods, advertising and promotional materials related to the goods, signs, displays, stationery, and all other materials of any kind or nature bearing the TechnoMarine mark, as well as all plates, molds, matrices and other means for making or duplicating the same;

C. Defendants be required to account to Plaintiff for any and all profits, gains and advantage derived by, and all damages sustained by Plaintiffs, by reason of Defendants' acts complained of herein and that such damages and profits be trebled and awarded to Plaintiff pursuant to 15 U.S.C. § 1117 on the ground that Defendants' misconduct has been willful, deliberate and in bad faith;

D. Defendants be required to transfer or cause to be transferred the www.technomarinele.com and www.technomarine-eyewear.com domain names to Plaintiff and execute all necessary documents to effectuate such transfer.

E. Plaintiff recover statutory damages of up to $200,000 ($100,000 per violative domain name) for Defendants' act of cybersquatting, pursuant to 15 U.S.C. §1117(d).

F. Plaintiff recover actual damages and punitive damages in an amount to be determined at trial for violation of Florida common law of misappropriation, conversion, unfair competition, unjust enrichment and violations of Florida Statutes § 495.151 and FDUTPA;

G. Plaintiff recover pre-judgment interest on the amount awarded and post- judgment

interest until paid, to the maximum extent allowed by law;

H. Plaintiff recover its costs and reasonable attorney's fees pursuant to 15 U.S.C. §1117(a) and Florida Statutes § 501.2105.

I. Plaintiff be awarded such other and further relief, at law or in equity, as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues which are so triable.

Respectfully Submitted
HELLER WALDMAN P.L.
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Telephone No: (305) 448-4144
Facsimile: (305) 448-4155

By: *_/s/ Glen H. Waldman_*
Glen H. Waldman, Esq.
Fla. Bar No. 618624
Michael A. Sayre, Esq.
Fla. Bar. No. 17607