UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-20850-CIV-WILLIAMS

TM BRANDS, LLC,

      Plaintiff,
vs.

CASA DIMITRI CORP. d/b/a DIMITRI & CO.,
DIMITRI & COMPANY EYE WEAR, INC. and
DIMITRI LAMPRU,

      Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS
## AND DISMISSING CASE

**THIS MATTER** is before the Court on the motion to dismiss filed by Defendants Casa Dimitri Corp., Dimitri & Company Eye Wear, Inc., and Dimitri Lampru (DE 13), to which Plaintiff TM Brands, LLC ("TM Brands") filed a response in opposition (DE 16) and Defendants a reply. (DE17). For the reasons stated below, it is **ORDERED AND ADJUDGED** that Defendants' motion is **GRANTED** and this case is ordered **DISMISSED AND CLOSED.**

I.    **BACKGROUND**

Plaintiff TM Brands filed this lawsuit against Defendants on March 8, 2016, asserting a host of claims for trademark infringement, unfair competition, cybersquatting, and misappropriation against Defendants. (DE 1). According to the Complaint, TM Brands is the owner of the TECHNOMARINE Marks in the United States for watches and eyewear, which it acquired from Technomarine, S.A. ("Technomarine") during Technomarine's Swiss-based bankruptcy proceedings. (DE 1 ¶¶ 10, 11). TM

Brands asserts that it acquired the TECHNOMARINE Marks without assuming any preexisting distribution or licensing agreements. (DE 1 ¶¶ 11-12). After acquiring the Marks, it sent termination notices to preexisting distributors of TECHNOMARINE products and/or licensees of the TECHNOMARINE Marks, including Defendants. (DE 1 ¶¶ 13-14). According to the Complaint, Defendants continue to use the TECHNOMARINE Marks in commerce, including by incorporating the Marks in the domain names of websites that sell TECHNOMARINE products. (DE 1 ¶¶ 16-17). TM Brands asserts such acts constitute trademark infringement, unfair competition, and misappropriation.

In their motion to dismiss, Defendants argue that TM Brands' claims in this case should be raised as compulsory counterclaims in Defendants' earlier-filed suit in *Casa Dimitri Corp. v. Technomarine USA, Inc., et al.*, No. 15-cv-21038-KMM (the "Dimitri Action"), currently pending in the Southern District of Florida, pursuant to Federal Rule of Civil Procedure 13(a). Defendants initially filed suit against TM Brands, its parent company Invicta Watch Company of America, Inc., and Technomarine, among others[1], on March 13, 2015 based on the termination of the distribution and licensing agreements between Defendants and Technomarine at issue in this case. Dimitri Action, DE 1. On January 25, 2016, Defendants filed an Amended Complaint with leave of the court, which asserts a host of intellectual property and unfair competition claims under federal, common, and Florida law. Dimitri Action, DE 116. In their amended pleading, Defendants claim that they have the exclusive right to sell TECHNOMARINE eyewear that it designed and developed during the term of its licensing agreement with

---

[1] The other two defendants in the Dimitri Action are an Invicta Watch Company of America, Inc. employee, Eyal Lalo, and an affiliated company, Technomarine USA, Inc.

Technomarine in the United States, Caribbean, and Central and South America. Defendants claim TM Brands' sale of TECHNOMARINE eyewear in these territories constitutes trademark infringement, unfair competition, patent infringement, and copyright infringement. On January 29, 2016, TM Brands and its parent company jointly filed a motion to dismiss the Amended Complaint, which is fully briefed and remains pending. Dimitri Action, DE 119.

In TM Brands' response in opposition to Defendants' motion to dismiss in this case, "TM Brands readily admits that there is related litigation in this district," citing to the Dimitri Action. (DE 16 at 1 n.1). TM Brands insists that "Defendants' motion to dismiss should have been a motion to consolidate or transfer," but does not agree to this course of action. Instead, it argues that it is "not yet permitted" to raise its counterclaims because it elected to file a motion to dismiss in the Dimitri Action instead of a responsive pleading, and the motion to dismiss remains pending. (*Id.* at 3-5). TM Brands has since filed a motion for preliminary injunction in this case, even as it waits for an adjudication on its motion to dismiss in the first-filed Dimitri Action. (DE 18).

II.  **LEGAL STANDARD**

Rule 13(a) requires a pleading to state as a counterclaim any claim that arises out of the "transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). The purpose of the Rule is to prevent "a multiplicity of actions," waste of judicial resources, and unduly burdensome litigation. *J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 490 (S.D.N.Y. 1995) (citing *Adam v. Jacobs*, 950 F.2d 89.93 (2d Cir. 1991)).

3

To determine whether a counterclaim is compulsory, the Eleventh Circuit requires courts to determine whether the claim and counterclaim have a "logical relationship." *Montgomery Ward Develop. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991) (citing *Revere Copper & Bros. Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir.1970)). A counterclaim has a "logical relationship" to the original claim if: "(1) the same aggregate of operative facts serves as the basis of both claims; or (2) the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant." *Revere Copper*, 426 F.2d at 715. Courts consider such factors as whether separate trials on each claim would involve a substantial duplication of effort and time by the parties and the court; whether the claims involve many of the same factual and/or legal issues; whether the claims are derived from the same basic controversy between the parties; and whether fairness, convenience, and economy support allowing the counterclaimant to maintain a separate lawsuit. *Id.* at 714.

Courts apply Rule 13(a) to dismiss claims that should be brought as compulsory counterclaims in earlier-filed lawsuits even when the earlier-filed suit is ongoing. *Aaron Fine Arts v. O'Brien*, 244 F.R.D. 294, 296-97 (D. Md. 2007) (dismissing claims as compulsory counterclaims that should have been brought in first-filed lawsuit that was still pending); *Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*, 68 F. Supp. 2d 161, 166 (E.D.N.Y. 1999) ("Because plaintiffs' action is duplicative of, and predicated entirely upon claims that would be compulsory counterclaims in, or addressed to the inherent authority of, the [court] where the action . . . is pending, the Complaint is dismissed in its entirety."). Indeed, "once a court becomes aware that an action on its docket involves a

4

claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action." 6 Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, Fed. Prac. & Proc. Civ. § 1418 (3d ed. 2016) (footnotes omitted).

## III. CONCLUSION

The Court finds that TM Brands' claims should be brought as compulsory counterclaims in the Dimitri Action. Both the Dimitri Action and this case seek to determine what rights, if any, Defendants have in using the TECHNOMARINE Marks in commerce. Both cases involve the same parties – TM Brands as owner of the TECHNOMARINE Marks on the one hand, and Casa Dimitri as the alleged former distributor and licensee of TECHNOMARINE brand products on the other. Both cases involve many of the same causes of action (*e.g.*, federal and common law trademark infringement, federal unfair competition, FDUTPA, and Florida Statute § 495.011). Most significantly, both this case and the Dimitri Action stem from the exact same series of transactions; namely, Defendants' agreements with Technomarine, Technomarine's bankruptcy, the sale of the TECHNOMARINE Marks to TM Brands, and TM Brands' termination of Defendants' agreements with Technomarine. *Revere Copper*, 426 F.2d at 715

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' motion to dismiss (DE 13) is **GRANTED** and Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**. TM Brands will have the opportunity to assert its claims in a responsive pleading in the Dimitri Action once a decision on its motion dismiss is rendered. Should its motion to

dismiss be granted, then TM Brands is free to reassert its claims against Defendants.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of the Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 4th day of August, 2016.

 _____
 KATHLEEN M. WILLIAMS
 UNITED STATES DISTRICT JUDGE